**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GREGORY DICKENS,

*Petitioner-Appellant*,

v.

CHARLES RYAN,

*Respondent-Appellee*.

No. 08-99017

D.C. No.
CV-01-757-
PHX-NVW

ORDER

Filed March 11, 2014

Before: Alex Kozinski, Chief Judge, and Harry Pregerson,
Kim McLane Wardlaw, Marsha S. Berzon, Jay S. Bybee,
Consuelo M. Callahan, Sandra S. Ikuta, N. Randy Smith,
Mary H. Murguia, Morgan Christen and Paul J. Watford,
Circuit Judges.

Order;
Dissent by Judge Callahan

## SUMMARY[*]

### Habeas Corpus/Death Penalty

The en banc court denied a motion to stay the mandate, to vacate the opinion filed on January 23, 2014, and to dismiss a 28 U.S.C. § 2254 habeas corpus petition as moot due to petitioner's death four days after the opinion was published.

Judge Callahan dissented. She would exercise discretion to vacate the en banc opinion.

### COUNSEL

Robin C. Konrad and Dale A. Baich, Assistant Federal Public Defenders, Federal Public Defender's Office, Phoenix, Arizona, for Petitioner-Appellant.

John P. Todd, Assistant Attorney General, Capital Litigation Section, Arizona Attorney General's Office, Phoenix, Arizona, for Respondent-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

Gregory Scott Dickens appealed the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. In a divided en banc opinion, we affirmed in part, vacated in part, and remanded the district court's judgment. *See Dickens v. Ryan*, 740 F.3d 1302, 1322 (9th Cir. 2014) (en banc). The court was later advised that Dickens died on January 27, 2014—four days after the publication of our opinion. On January 29, 2014, the state of Arizona moved to stay the mandate, vacate the filed opinion, and dismiss the petition as moot. Because the state has failed to "demonstrate . . . equitable entitlement to the extraordinary remedy of vacatur," *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994), we deny the state's motion.

No party disputes that we had jurisdiction at the time we decided this case. The untimely death of Dickens after our decision had been rendered does not "deprive [this] court of jurisdiction retroactively." *Armster v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 806 F.2d 1347, 1353 (9th Cir. 1986).[1] "In these circumstances, while we are not precluded from exercising article III power, we are likewise not prohibited from dismissing the case post hoc." *Id.* at 1355. The decision whether to vacate a filed opinion based on post hoc mootness "is within our discretion based on equity." *United States v. Payton*, 593 F.3d 881, 885 (9th Cir. 2010).

In exercising our discretion, the lack of prejudice weighs heavily in favor of denying the motion. Both parties' claims have been subjected to en banc review. Neither party is

---

[1] "The fact that the ministerial act of issuing the mandate remains . . . does not affect our conclusion." *Armster*, 806 F.2d at 1355 n.9.

*entitled* to additional appellate review, because the decision to grant a petition for certiorari is discretionary. Dickens will not receive the hearing to which he would otherwise have been entitled, *see Dickens* 740 F.3d 1321–22, but only the defense—who opposes vacatur—will be prejudiced by that result.[2]

Furthermore, judicial precedents "are not merely the property of private litigants," but are "valuable to the legal community as a whole." *U.S. Bancorp Mortg. Co.*, 513 U.S. at 26. The precedent set by the en banc panel in this case will undoubtedly affect cases now pending before this court. We see no reason to undo this precedent and force future panels to duplicate our efforts by re-deciding issues we have already resolved within the contours of article III.

The state's motion is **DENIED**.

CALLAHAN, Circuit Judge, dissenting:

I agree that the decision whether to vacate our en banc opinion is addressed to our discretion, but I would exercise that discretion to grant the motion. I have serious questions concerning the merits and practical consequences of

---

[2] The state cites two cases in which we vacated a published opinion based on post hoc mootness. *See Farmer v. McDaniel*, 692 F.3d 1052 (9th Cir. 2012); *Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003). In both cases, the mootness arose prior to any en banc proceedings. Furthermore, because the decision whether to vacate is "within our discretion," *Payton*, 593 F.3d at 885, our decision to vacate in those cases does not compel vacatur here. *See Armster* 806 F.2d at 1355 ("*In this case*, however, we have not been presented with a sufficient justification for the exercise of that limited, discretionary power." (emphasis added)).

the majority's broad reading of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and believe that the Supreme Court would have provided necessary guidance. The en banc court divided on the *Martinez* issue and on another major issue, each of which might have received Supreme Court attention, neither of which will now.